JUSTICE LEAPHART,
dissenting.
I dissent from the Court’s conclusion that there was substantial evidence to support the Workers’ Compensation Court’s finding that: “claimant left work on a personal errand to pinchase a newspaper and possibly an analgesic [Midol].” Despite Marla Handford’s testimony as to the newspaper and Midol, the record shows no physical evidence to support the position that Janet Strickland was on a personal errand. Neither Midol nor a Daily InterLake newspaper was found in Strickland’s car. If, as Handford claimed, Strickland were returning from a personal trip to the store to pinchase these items, *260 where were they? Additional evidence refutes the assertion that Strickland was on a personal trip. Strickland had no need for Midol, she did not have her period, she was not premenstrual, and she testified that she does not suffer from menstrual cramps and has never used Midol. Since Strickland subscribed to the Daily InterLake, there was no reason for her to purchase the paper. Although this Court defers to the Workers’ Compensation Court on questions of witness credibility, the complete lack of physical evidence to support the State Fuad’s position that Strickland was on a personal errand overrides the credibility assigned to Handford by the Workers’ Compensation Court. I find that substantial evidencé does not support the Workers’ Compensation Court’s finding that Strickland was engaged in a personal errand at the time of her accident.
JUSTICE HUNT joins in the foregoing dissent of JUSTICE LEAPHART.